IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FELISHA PEEL, individually and on**  **PLAINTIFF**
**behalf of all others similarly situated**

v.                     CASE NO. 4:19-CV-00795-BSM

**PALCO, INC.**                                    **DEFENDANT**

## ORDER

Felisha Peel's motion for partial summary judgment [Doc. No. 97] is denied.

### I. BACKGROUND

Peel is suing Palco under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). She moves for summary judgment on the issue of Palco's status as an employer. The undisputed facts, taken in a light most favorable to Palco as the non-moving party, are as follows.

Peel and other home health workers were paid an hourly rate under a government-funded program called IndependentChoices. Pl.'s F. ¶ 1, Doc. No. 99; Def.'s F. ¶ 2, Doc. No. 102. Program participants selected the home health workers that fit their personal and medical needs, after an interview process. Def.'s F. ¶ 3. Palco communicated with home health workers during their onboarding processes. *Id.* ¶¶ 5, 7. When she worked as a home health worker, Peel submitted certain timesheets to Palco. Answer ¶ 26, Doc. No. 10. Palco facilitated delivery of payments to home health workers. *Id.* ¶ 23.

### I. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Summary judgment is denied because there is a genuine dispute as to whether Palco could hire or fire home health workers, control their employment conditions, determine the rate and method of the payment of their salaries, or maintain their employment records.

Courts look at the economic realities of the circumstances to determine whether an entity is an employer under the FLSA. *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961). The Eighth Circuit analyzes whether the entity (1) could hire and fire the plaintiff; (2) controlled the plaintiff's schedule or conditions of employment; (3) determined rate and method of payment; and (4) maintained the plaintiff's employment records. *Carlton v. JHook Invs., Inc.*, No. 4:17-cv-76-KGB, 2019 WL 4784801, at *12 (E.D. Ark. Sep. 30, 2019) (citing *Childress v. Ozark Delivery of Mo., L.L.C.*, 95 F.Supp.3d 1130, 1138–39 (W.D. Mo. Mar.

5, 2015)).  No single factor is dispositive.  *Carlton*, 2019 WL 4784801, at *12.

    A.    <u>Power to Hire and Fire</u>

The parties dispute whether Palco had the ability to hire and fire home health workers. Def.'s F. ¶ 4.  Peel argues that Palco had the power to hire her because even though program participants selected their home health workers, workers could not begin to earning wages until after Palco interviewed them.  Br. Mot. Summ. J. at 8, Doc. No. 98.  Peel argues that Palco had the power to fire her because if a program participant wanted to terminate her, the participant would contact Palco to accomplish that.  *Id.*  Peel supports these contentions with home health workers' declarations.  Doc. Nos. 97-1 – 97-15.

Palco argues that Peel's motion is premature because sufficient discovery has not occurred.  Resp. Summ. J. at 5, Doc. No. 101.  Palco argues that it did not have the ability to hire workers and did not conduct screening interviews.  *Id.* at 6–7.  Palco argues that if it communicated with workers during their onboarding, it would only be "in furtherance of [its] regulatory responsibilities."  *Id.*  Further, Palco argues, IndependentChoices specifically states that program participants are the "employer[s] of record."  *Id.* at 7 (citing Ark. Admin. Code  016.06.62-260.420).

    B.    <u>Control of Schedules and Conditions of Employment</u>

The parties dispute whether Palco controlled home health workers' schedules and conditions of employment.  Peel argues that a Palco representative visited each program participant and her home health worker once a month.  Br. Mot. Summ. J. at 9.  If either

failed to participate in a monthly meeting, Peel argues, they could be terminated from the IndependentChoices program. *Id.* Peel contends that because Palco was responsible for ensuring program compliance with state and federal laws, it controlled workers' schedules and employment conditions. *Id.* at 10.

Palco argues that DHS nurses, not Palco representatives, conducted home visits, and that state law merely required Palco to report suspected abuse. Resp. Mot. Summ. J. at 9–10. Palco argues that it did not control workers' schedules, as evidenced by the fact that program participants sometimes intentionally exceeded their service budget by having their home health workers work overtime. When this happened, Palco contends, participants "assumed the responsibility for direct payment of [] workers' overtime wages." *Id.* at 10. Palco argues that DHS sets participants' service budgets and the maximum number of hours that they can receive. *Id.* at 11. This is explained on the Cash Expenditure Plan document, which is developed by DHS. *Id.*

      C.      <u>Determination of Rate and Method of Payment</u>

The parties dispute whether Palco determined the rate and method of home health workers' payment. Peel argues that workers received paychecks directly from Palco and that Palco's name was on the checks. Br. Mot. Summ. J. at 12. Peel argues that IndependentChoices participants did not understand the government limits on service budgets, and if a home health worker had a question about her paycheck, she would contact Palco, not the participant. *Id.*

Palco argues that it did not determine the rate and method of workers' payment because DHS alone determines the cash allowances that participants use to pay their home health workers. Resp. Mot. Summ. J. at 12–13 (citing Ark. Admin. Code 016.06.62-220.100; Ark. Admin. Code 016.06.62-202.300).

D.   Maintenance of Employment Records

The parties dispute the extent to which Palco maintained employment records. Peel argues that Palco maintained home health workers' employment records, because program participants "did not have the physical or mental capacity to maintain employment records." Br. Mot. Summ J. at 13. Further, home health workers submitted their timesheets to Palco at the end of each pay period. *Id.*

Palco argues that its responsibilities under the IndependentChoices framework included "providing fiscal management services" to program participants, pursuant to the DHS Provider Agreement. Resp. Mot. Summ. J. at 13. Palco contends, however, that it does not maintain all employment records, only time and payment records. *Id.* Palco states that program participants also "designate a decision-making partner" when necessary to assist them with tracking workers' hours, assessing their performances, calculating wages, and maintaining other records. *Id.* at 14.

Accordingly, a genuine dispute of material fact exists as to each of the four factors considered in determining an entity's status as an employer.

## IV. CONCLUSION

For the foregoing reasons, Felisha Peel's motion for partial summary judgment [Doc. No. 97] is denied.

IT IS SO ORDERED this 19th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE